ORAL ARGUMENT HELD APRIL 8, 2013
DECIDED JULY 12, 2013

**UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> Respondents, <br><br> and <br><br> AMERICAN FOREST & PAPER ASSOCIATION, INC., *et al.*, <br><br> Respondent-Intervenors. | Case No. 11-1101 (and consolidated cases) |

**RESPONDENT-INTERVENORS' MOTION TO EXTEND
THE DEADLINE TO PETITION FOR REHEARING**

Respondent-Intervenors American Forest & Paper Association, American Wood Council, Biomass Power Association, Corn Refiners Association, Florida Sugar Industry, National Alliance of Forest Owners, National Oilseed Processors Association, Rubber Manufacturers Association, Treated Wood Council, and Utility Air Regulatory Group respectfully move this Court, under Fed. R. App. P. 41(d) and D.C. Cir. R. 41(a)(2), to extend the deadline to petition for rehearing and/or rehearing en banc in the above-captioned cases until 30 days after the

Supreme Court's decision whether to grant the pending petitions for a writ of certiorari in *Utility Air Regulatory Group. v. EPA*, Sup. Ct. Nos. 12-1146, *et al.* (distributed on Aug. 7, 2013, for Sept. 30, 2013 conference), which seek Supreme Court review of *Coalition for Responsible Regulation v. EPA*, 684 F.3d 102 (D.C. Cir. 2012) (per curiam). This extension would continue to defer issuance of the mandate pursuant to this Court's Order of July 12, 2013. *See* Order (Doc. 1446226) (directing the Clerk to withhold issuance of the mandate "until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc"). Counsel for Respondent-Intervenors have conferred with counsel for Petitioners and Respondents. Respondents do not oppose to this motion. Petitioners do not unconditionally agree to the relief requested herein and are, therefore, presumed to oppose this motion.

1.  These consolidated cases concern challenges to a rule promulgated by Respondent Environmental Protection Agency ("EPA") to defer for three years the regulation of biogenic carbon dioxide ("$CO_2$") emissions under the Clean Air Act ("CAA" or "Act") Prevention of Significant Deterioration ("PSD") and Title V stationary source permitting programs while EPA conducts additional studies to determine whether (and, if so, how) to include biogenic $CO_2$ emissions in regulation of greenhouse gas ("GHG") emissions under the PSD and Title V permitting programs. 76 Fed. Reg. 43,490 (July 20, 2011) (the "Deferral Rule").

2. The Deferral Rule would have been unnecessary prior to EPA's promulgation of several other rules, including the Tailoring Rule, that were separately at issue in *Coalition for Responsible Regulation*. In that case, the Court dismissed or denied challenges to EPA's interpretation of the CAA that $CO_2$ and other GHGs that are subject to regulation under any part of the Act, including the mobile source provisions of Title II of the CAA, must thereby be regulated under the Title I stationary source PSD and Title V permitting programs. *Id.*; *see also Ctr. for Biological Diversity v. EPA*, No. 11-1101 (D.C. Cir. July 12, 2013), *slip op.* at 4-5; *id.* at 1-2, 5-7 (Kavanaugh, J. concurring). However, had petitioners in *Coalition for Responsible Regulation* prevailed, EPA's authority to regulate all GHGs under the PSD and Title V programs—including biogenic $CO_2$—would have been undermined, potentially mooting challenges to EPA's rule deferring the applicability of PSD and Title V regulation to biogenic $CO_2$ emissions.[1]

---

[1] Respondent-Intervenors respectfully submit that this Court's decision in *Coalition for Responsible Regulation* is not determinative of the legality of EPA's decision to regulate biogenic $CO_2$ emissions under the PSD and Title V permitting programs in the first instance because it did not reach that issue. In fact, petitions for review of EPA's inclusion of biogenic $CO_2$ emissions in the suite of GHG regulations at issue in *Coalition for Responsible Regulation* were severed and held in abeyance pending resolution of the present consolidated cases. *See National Alliance of Forest Owners v. EPA*, D.C. Cir. Case No. 10-1209 (Doc. 1310363); *American Forest & Paper Association v. EPA*, D.C. Cir. Case No. 10-1172 (Doc. 1310387). Those severed cases would be the appropriate cases in which to consider questions regarding the lawfulness of EPA's regulation of biogenic $CO_2$ emissions under the PSD and Title V permitting programs in the first instance.

3. Multiple parties, including several moving parties herein, filed petitions for a writ of certiorari seeking review of *Coalition for Responsible Regulation*. *See, e.g.*, Sup. Ct. No. 12-1146 (*Util. Air Regulatory Grp. v. EPA*); Sup. Ct. No. 12-1248 (*Am. Chem. Council, et al. v. EPA*).[2] These petitions present significant questions concerning EPA's regulation of GHG emissions under the CAA, including, *inter alia*, the lawfulness of EPA's Tailoring Rule. There is a substantial possibility that the Supreme Court will grant certiorari to review *Coalition for Responsible Regulation*. *See* Sup. Ct. R. 10(c); *Massachusetts v. EPA*, 549 U.S. 497, 505-06 (2007) (the "unusual importance of the underlying issue persuaded [the Court] to grant the writ"); High Court Expected To Hear Appeal of EPA GHG Rules, Clean Energy Report, Feb. 18, 2013.

4. The Supreme Court's disposition of the pending petitions for certiorari to review *Coalition for Responsible Regulation* could obviate the need for further proceedings in the present cases, including petitions for rehearing and/or rehearing en banc or Supreme Court review. Thus, an extension until the Supreme Court's decision whether to grant the pending certiorari petitions is in the interest of judicial economy and constitutes good cause under Fed. R. App. P.

---

[2] *See also* Sup. Ct. Nos. 12-1269 (*Texas v. EPA*), 12-1152 (*Virginia v. EPA*), 12-1153 (*Pac. Legal Found. v. EPA*), 12-1253 *(Coal. for Responsible Regulation v. EPA)*, 12-1254 (*Energy-Intensive Mfrs. Working Grp. on Greenhouse Gas Regulation v. EPA*), 12-1268 (*Se. Legal Found. v. EPA*), 12-1272 (*Chamber of Commerce v. EPA*).

41(d)(2)(A) and D.C. Cir. R. 41(a)(2). *See, e.g.*, Order, *Avista Corp. v. NLRB*, No. 11-1397 (D.C. Cir. Feb. 19, 2013) (holding case in abeyance, despite having denied petition for review, in light of *Noel Canning v. NLRB*, 705 F.3d 490 (D.C. Cir. 2013), *cert. granted*, 133 S. Ct. 2861 (June 24, 2013)).

5.  This Court has already afforded similar relief in the context of other pending petitions for review challenging EPA rules subsequent to the Tailoring Rule that may also be impacted by the Supreme Court's consideration of *Coalition for Responsible Regulation*. *See, e.g., Am. Petroleum Inst. v. EPA*, No. 12-1376 (Order dated May 10, 2013) (Doc. 1435675) (holding petition to review EPA's "Tailoring Rule Step 3" rule in abeyance pending disposition of *Coalition for Responsible Regulation*); *Delta Constr. Co., Inc., et al. v. EPA,* No. 11-1428 (Order dated May 1, 2013) (Doc. 1433790) (holding petitions to review EPA's "Heavy Duty Truck Rule" in abeyance until the Supreme Court has granted or denied all petitions for writ of certiorari in *Coalition for Responsible Regulation*).

6.  The requested relief here would not significantly delay the deadline for filing petitions for rehearing and/or rehearing en banc because the petitions for a writ of certiorari in *Coalition for Responsible Regulation* have been distributed for conference on September 30, 2013, which is only a little more than one month after the existing deadline of August 26, 2013, for filing petitions for rehearing and/or rehearing en banc in the present cases. The Supreme Court's decision

5

whether to grant the writ is likely to be known on or about October 7, 2013, which is the Court's first scheduled sitting date after its September 30, 2013 conference. Thirty days after that is November 6, 2013. Thus, the extension sought here is for only slightly more than 70 days and is not material compared to the overall span of this case.

7. Accordingly, Respondent-Intervenors respectfully request that this Court extend the deadline for filing petitions for rehearing and/or rehearing en banc until 30 days after the Supreme Court's decision whether to grant the petitions for a writ of certiorari in *Coalition for Responsible Regulation*, i.e., approximately November 6, 2013.

8. As noted above, the Court issued an order directing the Clerk to "withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc" in accordance with Fed. R. App. P. 41(b) and D.C. Cir. R. 41. Respondent-Intervenors understand that, if it grants the instant motion, the Court will continue to withhold issuance of the mandate consistent with its existing order.

9. Also as noted above, counsel for Respondent-Intervenors have conferred with counsel for Petitioners and Respondents. Respondents do not oppose this motion. Petitioners would not unconditionally agree to the relief requested herein and are, therefore, presumed to oppose this motion.

## **CONCLUSION**

For the reasons set for the above, Respondent-Intervenors respectfully request that the Court extend the deadline for filing petitions for rehearing and/or rehearing en banc until 30 days after the Supreme Court decides the pending petitions for a writ of certiorari in *Coalition for Responsible Regulation*, i.e., approximately November 6, 2013.

Dated:  August 19, 2013                     Respectfully submitted,

/s/ Roger R. Martella
Roger R. Martella, Jr.
Timothy K. Webster
Lisa E. Jones
Joel F. Visser
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC  20005
(202) 736-8000

*Counsel for American Forest & Paper Association, Inc., American Wood Council, Biomass Power Association, Corn Refiners Association, Florida Sugar Industry, National Alliance of Forest Owners, National Oilseed Processors Association, Rubber Manufacturers Association, and Treated Wood Council*

/s/ Norman W. Fichthorn
Norman W. Fichthorn
Allison D. Wood
HUNTON & WILLIAMS LLP

2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 955-1500

*Counsel for Utility Air Regulatory Group*

**CERTIFICATE OF SERVICE**

I hereby certify that the copies of the foregoing motion were served, this 19th day of August, 2013, through CM/ECF on all registered counsel.

/s/ Roger R. Martella, Jr.