ORAL ARGUMENT HELD APRIL 8, 2013
DECIDED JULY 12, 2013

## UNITED STATES COURT OF APPEALS FOR
## THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>Respondents,<br><br>and<br><br>AMERICAN FOREST & PAPER ASSOCIATION, INC., *et al.*,<br><br>Respondent-Intervenors. | Case No. 11-1101<br>(and consolidated cases) |

## RESPONDENT-INTERVENORS' MOTION TO EXTEND THE DEADLINE TO PETITION FOR REHEARING OR, IN THE ALTERNATIVE, TO HOLD CASE IN ABEYANCE

Respondent-Intervenors American Forest & Paper Association, American Wood Council, Biomass Power Association, Corn Refiners Association, Florida Sugar Industry, National Alliance of Forest Owners, National Oilseed Processors Association, Rubber Manufacturers Association, Treated Wood Council, and Utility Air Regulatory Group respectfully move the Court, under Fed. R. App. P. 41(d) and D.C. Cir. R. 41(a)(2), to extend the deadline to petition for rehearing and/or rehearing en banc in these consolidated cases until 30 days after the

Supreme Court's decision in *Utility Air Regulatory Group. v. EPA*, S. Ct. No. 12-1146 (and consolidated cases) ("*UARG*"), which involves review of a question directly relevant to (and potentially dispositive of) the instant cases. This Court previously granted an extension of time to submit petitions for rehearing and/or rehearing en banc until 30 days following the Supreme Court's decision on whether to grant *certiorari* in *UARG* to review this Court's decision in *Coalition for Responsible Regulation v. EPA,* 684 F.3d 102 (D.C. Cir. 2012) (per curiam). *See* Doc. No. 1453559. In the alternative, Respondent-Intervenors request that the Court hold these cases in abeyance pending the Supreme Court's decision in *UARG* and order the parties to submit motions to govern further proceedings within 30 days after the Supreme Court issues its decision. Counsel for Respondent-Intervenors have conferred with counsel for Petitioners, Respondents, and Respondent-Intervenor Renewable Fuels Association. Respondents do not oppose the relief requested in this motion. Renewable Fuels Association does not oppose this motion. Counsel for Petitioners stated that Petitioners "are investigating the current basis for our response and will provide it to the Court within the time allowed by the rules for a response."

As described more fully below, granting an extension or, in the alternative, holding these cases in abeyance would promote judicial efficiency, conserve resources, and avoid potentially unnecessary litigation. *See Basardh v. Gates*, 545

F.3d 1068, 1069 (D.C. Cir. 2008) (finding cause for abeyance when other pending proceedings may affect the outcome of the case). In support of their motion, Respondent-Intervenors state as follows:

1. These consolidated cases concern challenges to a rule promulgated by Respondent Environmental Protection Agency ("EPA") to defer for three years the regulation of biogenic carbon dioxide ("$CO_2$") emissions under the Clean Air Act's ("CAA") Prevention of Significant Deterioration ("PSD") preconstruction permitting and Title V stationary source operating permit programs, while EPA conducts additional studies to determine whether (and, if so, how) to include biogenic $CO_2$ emissions in its regulation of greenhouse gas ("GHG") emissions under the PSD and Title V permitting programs. 76 Fed. Reg. 43,490 (July 20, 2011) (the "Deferral Rule").

2. The Deferral Rule would not have been necessary prior to EPA's promulgation of several other rules that subjected GHG emissions to limitations and permitting requirements under the CAA for the first time. Various aspects of those rules were at issue before this Court in *Coalition for Responsible Regulation*. In that case, the Court dismissed or denied challenges to EPA's interpretation of the CAA that $CO_2$ and other GHGs that are subject to regulation under any part of the Act must, for that reason, be regulated under the CAA Title I stationary source PSD and Title V permitting programs. *Coal. for Responsible Regulation*, 684 F.3d

3

at 113-14; *see also Ctr. for Biological Diversity v. EPA*, 722 F.3d 401, 404-05 (D.C. Cir. 2013); *id.* at 412-13, 415 (Kavanaugh, J. concurring).

3. Multiple parties, including several moving parties herein, filed petitions for a writ of *certiorari* seeking review of *Coalition for Responsible Regulation*. *See, e.g.*, *UARG*; *Am. Chem. Council, et al. v. EPA*, Sup. Ct. No. 12-1248 ("*ACC*"). These petitions presented significant questions concerning EPA's regulation of GHG emissions under the CAA, including, *inter alia*, EPA's legal authority to regulate GHG emissions under the PSD and Title V permitting programs. On October 15, 2013, the Supreme Court granted six petitions for a writ of *certiorari*,[1] consolidated those petitions, and order the petitioners to address the following question: "Whether EPA permissibly determined that its regulation of greenhouse gas emissions from new motor vehicles triggered permitting requirements under the Clean Air Act for stationary sources that emit greenhouse gases." Supreme Court Order List at 2-3 (Oct. 15, 2013).

4. The Supreme Court's decision in *UARG* could obviate the need for further proceedings in the present cases, including the filing and consideration of petitions for rehearing and/or the rehearing en banc or *certiorari*. For example,

---

[1] *UARG*; *ACC*; *Energy-Intensive Mfrs. Working Group. on Greenhouse Gas Regulation v. EPA*, S. Ct. No. 12-1254; *S.E. Legal Found. v. EPA*, S. Ct. No. 12-1268; *Texas v. EPA*, S. Ct. No. 12-1269; *Chamber of Commerce v. EPA*, S. Ct. No. 12-1272.

4

the Supreme Court could find that EPA's regulation of GHG emissions from new motor vehicles did *not* trigger PSD and Title V permitting requirements for GHG emissions from stationary sources, making the Deferral Rule unnecessary, in which event the instant litigation could very well become moot. The Supreme Court's decision could also impact this case in other ways, depending upon the Court's interpretation of the relevant Clean Air Act provisions.[2]

5. Recognizing the potential impact on the present consolidated cases of a Supreme Court decision in *UARG*, Respondent-Intervenors previously sought an extension of the deadline to file petitions for rehearing and/or rehearing en banc in these cases until 30 days after the Supreme Court issued a decision to grant *certiorari* in *UARG*. Doc. No. 1452383. This Court granted that motion on

---

[2] To the extent the Supreme Court affirms the *Center for Responsible Regulation* decision, Respondent-Intervenors respectfully submit that this Court's decision in *Coalition for Responsible Regulation* does not necessarily validate EPA's decision to regulate *biogenic* $CO_2$ emissions under the PSD and Title V permitting programs in the first instance, because this Court in *Coalition for Responsible Regulation* did not reach that issue. In fact, petitions for review of EPA's inclusion of biogenic $CO_2$ emissions in the suite of GHG regulations at issue in *Coalition for Responsible Regulation* were severed and held in abeyance pending resolution of the present consolidated cases. *See National Alliance of Forest Owners v. EPA*, D.C. Cir. Case No. 10-1209, Doc. No. 1310363; *American Forest & Paper Association v. EPA*, D.C. Cir. Case No. 10-1172, Doc. No. 1310387. In the event that *Coalition for Responsible Regulation* is affirmed, those severed cases would be the appropriate cases in which to consider questions regarding the lawfulness of EPA's regulation of biogenic $CO_2$ emissions under the PSD and Title V permitting programs in the first instance.

5

August 26, 2013. Doc. No. 1453559. Accordingly, the current deadline for filing petitions for rehearing and/or rehearing en banc is November 14, 2013.

6. Granting this requested extension in these cases pending the Supreme Court's decision in *UARG* would promote judicial efficiency, conserve resources, and avoid potentially unnecessary litigation. Such an extension would also have the effect of preserving the status quo by postponing the issuance of the mandate until after the deadline for filing petitions for rehearing and/or for rehearing en banc. *See* Doc. No. 1446226 (directing the Clerk to "withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc" in accordance with Fed. R. App. P. 41(b) and D.C. Cir. R. 41).

7. This Court has afforded similar relief in other cases when the Supreme Court granted petitions for writ of *certiorari* in related cases that could render further proceedings unnecessary. *See, e.g.,* Order, *Wisconsin Pub. Serv. Corp. v. EPA*, No. 12-1163 (May 10, 2013) (holding case in abeyance pending Supreme Court decision in *EPA v. EME Homer City Generation*, S. Ct. No. 12-1182 (Cross-State Air Pollution Rule)); Order, *Util. Air Regulatory Group. v. EPA*, No. 12-1342 (D.C. Cir. May 13, 2013) (same). Further, the fact that an opinion has been issued here should not alter the outcome. *See, e.g.*, Order, *Avista Corp. v. NLRB*, No. 11-1397 (D.C. Cir. Feb. 19, 2013) (holding case in abeyance *sua*

*sponte*, despite having denied petition for review, in light of *Noel Canning v. NLRB*, 705 F.3d 490 (D.C. Cir. 2013), *cert. granted*, 133 S. Ct. 2861 (June 24, 2013)).

8.  Accordingly, Respondent-Intervenors respectfully request that this Court further extend the deadline for filing petitions for rehearing and/or rehearing en banc in these consolidated cases until 30 days after the Supreme Court issues its decision in *UARG*. In the alternative, Respondent-Intervenors request that this Court hold these cases in abeyance pending the Supreme Court issuance of its decision in *UARG* and order the parties to submit motions to govern further proceedings within 30 days after the Supreme Court issues its decision in that case.

9.  As noted above, counsel for Respondent-Intervenors have conferred with counsel for Petitioners, Respondents, and Renewable Fuels Association. Respondents do not oppose the relief requested in this motion. Renewable Fuels Association does not oppose this motion. Counsel for Petitioners stated that Petitioners "are investigating the current basis for our response and will provide it to the Court within the time allowed by the rules for a response."

## **CONCLUSION**

For the reasons set forth above, Respondent-Intervenors respectfully request that the Court extend the deadline for filing petitions for rehearing and/or rehearing en banc in these cases until 30 days after the Supreme Court's decision in *UARG*. Alternatively, Respondent-Intervenors request that this Court hold these cases in

abeyance pending the Supreme Court's decision in *UARG* and order the parties to submit motions to govern further proceedings within 30 days after the Supreme Court issues its decision in that case.

Dated:  October 22, 2013            Respectfully submitted,

/s/ Roger R. Martella
Roger R. Martella, Jr.
Timothy K. Webster
Lisa E. Jones
Joel F. Visser
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC  20005
(202) 736-8000

*Counsel for American Forest & Paper Association, Inc., American Wood Council, Biomass Power Association, Corn Refiners Association, Florida Sugar Industry, National Alliance of Forest Owners, National Oilseed Processors Association, Rubber Manufacturers Association, and Treated Wood Council*

/s/ Norman W. Fichthorn
Norman W. Fichthorn
Allison D. Wood
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 955-1500

*Counsel for the Utility Air Regulatory Group*

## CERTIFICATE OF SERVICE

I hereby certify that the copies of the foregoing motion were served, this 22nd day of October, 2013, through CM/ECF on all registered counsel.

/s/ Roger R. Martella, Jr.