ORAL ARGUMENT HELD APRIL 8, 2013
DECIDED JULY 12, 2013

UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> Respondents, <br><br> and <br><br> AMERICAN FOREST & PAPER ASSOCIATION, INC., *et al.*, <br><br> Respondent-Intervenors. | Case No. 11-1101 (and consolidated cases) |

**RESPONDENT-INTERVENORS' MOTION TO EXTEND
THE DEADLINE TO PETITION FOR REHEARING**

Respondent-Intervenors American Forest & Paper Association, American Wood Council, Biomass Power Association, Corn Refiners Association, Florida Sugar Industry, National Alliance of Forest Owners, National Oilseed Processors Association, Renewable Fuels Association, Rubber Manufacturers Association, Treated Wood Council, and Utility Air Regulatory Group respectfully move the Court, under Fed. R. App. P. 35(c) and 40(a)(1) and D.C. Cir. R. 35(a), to extend the deadline to petition for panel and/or en banc rehearing in these consolidated

cases until 30 days after the final resolution of proceedings in *Coalition for Responsible Regulation v. EPA*, Case No. 09-1322 and consolidated cases ("*CRR*").

This Court previously granted an extension of time to submit any such petition until "30 days from the date this court issues the mandate in No. 09-1322, et al., *Coalition for Responsible Regulation v. EPA*." Doc. No. 1513253. This Court issued the mandate, along with an amended judgment, in *CRR* on April 10, 2015. As a result, any petition for panel and/or en banc rehearing in these consolidated cases is now due on May 11, 2015. Although the mandate has issued in *CRR*, additional filings and proceedings in that matter may occur. For example, a party in that case may petition for rehearing of the April 10, 2015 amended judgment. Any such petition would be due by May 26, 2015, after expiration of the existing deadline for petitioning for rehearing in the present consolidated cases. *See* Fed. R. App. P. 40.

Because any such petition in *CRR*, and the disposition of that petition, might affect the decision of parties here as to whether, and on what basis, to seek rehearing, Respondent-Intervenors seek an extension of time to petition for panel and/or en banc rehearing in these consolidated cases until 30 days after final resolution of any further proceedings in *CRR*, defined as the later of either (i) the expiration of time for the parties in *CRR* to file any type of appeal in that case,

2

including but not limited to petitions for rehearing or any other petitions that may be filed in this Court or the Supreme Court; or (ii) final judicial resolution of any such petition or other appeal.

Counsel for Respondent-Intervenors have conferred with counsel for Petitioners and Respondents. Respondents take no position on this motion and do not intend to file a response. Petitioners take no position on this motion and do not intend to file a response.

In support of their motion, Respondent-Intervenors state as follows:

1. The procedural history of these consolidated cases and their relationship to *CRR* and *Utility Air Regulatory Group v. EPA*, S. Ct. No. 12-1146 (and consolidated cases), 134 S. Ct. 2427 (2014) ("*UARG*"), is set forth in the motion for an extension filed on September 15, 2014. *See* Doc. No. 1512291. As explained in that motion, the Deferral Rule, which is the rule at issue here, amended EPA's Tailoring Rule, the regulation at issue in *CRR* and *UARG*.

2. Anticipating that the decisions in *CRR* and *UARG* could affect the present consolidated cases, Respondent-Intervenors requested and received extensions of the deadline to petition for panel and/or en banc rehearing in these cases. The most recent order extending that deadline provides that "[a]ny petition for panel rehearing and/or petition for rehearing en banc is now due within 30 days

3

from the date this court issues the mandate in No. 09-1322, et al., *Coalition for Responsible Regulation v. EPA*." Doc. No. 1513253.

3. On April 10, 2015, the Court issued an Amended Judgment in *CRR* that "amended" the Court's prior decision in that case "in accordance with the Supreme Court's decision" in *UARG* and directed the Clerk to issue the mandate in the case. *CRR*, Doc. No. 1546840. The Clerk issued the mandate on April 10, 2015. Thus, any petition for panel or en banc rehearing in the present cases is currently due on May 11, 2015.

4. Further proceedings may occur in *CRR* after expiration of the current deadline for petitioning for rehearing in the present cases. For example, any petition for rehearing of the Amended Judgment in *CRR* would be due May 26, 2015. *See* Fed. R. App. P. 40.

5. Final resolution of *CRR* is needed before Respondent-Intervenors can evaluate fully the effects of *CRR* and *UARG* on the present cases. Once it is clear that all proceedings in *CRR* have been completed, it will then be possible to determine whether any further substantive filings are necessary or appropriate in the instant cases, including petitions for rehearing and/or rehearing en banc. Granting the requested extension of time to petition for rehearing in the present cases will allow Respondent-Intervenors and other parties time to evaluate the

effects of *CRR* and *UARG* on the present cases and to consider further and discuss their litigation positions in the present cases.

6. The requested extension would promote judicial efficiency, conserve resources, avoid potentially unnecessary litigation, and, by deferring issuance of the mandate, preserve the status quo as the Court has previously done. *See* Doc. No. 1446226 (directing the Clerk to "withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc" in accordance with Fed. R. App. P. 41(b) and D.C. Cir. R. 41).

7. Accordingly, the Respondent-Intervenors filing this motion respectfully request that the Court extend the deadline for filing petitions for panel and/or en banc rehearing in the present cases until 30 days after final resolution of *CRR*, defined as the later of either (i) the expiration of time for the parties in *CRR* to file any type of appeal in that case, including but not limited to petitions for rehearing or any other petitions that may be filed in this Court or the Supreme Court; or (ii) final judicial resolution of any such petition or other appeal.

8. As noted above, counsel for Respondent-Intervenors have conferred with counsel for Petitioners and Respondents. Respondents take no position on this motion and do not intend to file a response. Petitioners take no position on this motion and do not intend to file a response.

## **CONCLUSION**

For the foregoing reasons, Respondent-Intervenors respectfully request that the Court extend the deadline for filing any petitions for panel rehearing and/or rehearing en banc in these cases until 30 days after final resolution of proceedings in *CRR*.

Dated:  May 4, 2015                          Respectfully submitted,

/s/  Roger R. Martella, Jr.
Roger R. Martella, Jr.
Timothy K. Webster
Joel F. Visser
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC  20005
(202) 736-8000

*Counsel for American Forest & Paper Association, Inc., American Wood Council, Biomass Power Association, Corn Refiners Association, Florida Sugar Industry, National Alliance of Forest Owners, National Oilseed Processors Association, Rubber Manufacturers Association, and Treated Wood Council*

/s/  Norman W. Fichthorn
Norman W. Fichthorn
Allison D. Wood
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 955-1500

*Counsel for the Utility Air Regulatory Group*

/s/  Charles H. Knauss
Charles H. Knauss
Shannon S. Broome
Katten Muchin Rosenman LLP
2900 K Street, NW
North Tower, Suite 200
Washington, DC 20007
(202) 625-3500

*Counsel for Renewable Fuels Association*

7

## CERTIFICATE OF SERVICE

I hereby certify that the copies of the foregoing motion were served, this 4th day of May, 2015, through CM/ECF on all registered counsel.

/s/ Roger R. Martella